IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THEODORE JOHNSON,

    Defendant.                          Case No. 99-cr-30022-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On May 19, 2000, the Court sentenced Theodore Johnson to 360 months imprisonment, a fine of $5,000, and five years supervised release (Doc. 289). Johnson filed a timely notice of appeal on May 30, 2000 (Doc. 296), and the Seventh Circuit Court of Appeals affirmed his conviction on February 14, 2001. ***United States v. Johnson,* 2 Fed. Appx. 524 (7th Cir. 2001)**.

On May 11, 2001, Johnson then filed a petition under 28 U.S.C. § 2255 alleging various claims (Docs. 1-2 in *Johnson v. United States*, Case No. 01-cv-306, (S.D. Ill. 2001)). Johnson subsequently requested leave for to amend and amended his petition on two occasions (Civ. Docs. 4-7). The Court nonetheless denied Johnson's § 2255 petition on March 1, 2003 (Civ. Doc. 8). On November 22, 2004, Johnson filed a motion to appeal the denial of his petition (Civ. Doc. 12), which was

denied on February 11, 2005 for lack of jurisdiction (Civ. Doc. 16).  On May 21, 2009, Johnson filed a Rule 60(b) motion to set aside the denial of his § 2255 petition, stating the Court failed to state the grounds for its denial (Civ. Doc. 18). The Court subsequently denied that motion on January 5, 2010 (Civ. Doc. 19).

Now before the Court is Johnson's Petition for the Writ of Audita Querela (Doc. 611).  In his petition, Johnson contends he is entitled to relief from the sentence imposed by the Court in **United States v. Booker, 543 U.S. 220 (2005)**.  The writ of audita querela is an ancient common law writ that has been abolished in federal civil cases, *see* **FED. R. CIV. P. 60(e)**, and has no relevance in criminal proceedings.  **Melton v. United States, 359 F.3d 855, 856 (7th Cir. 2004)**.  The writ of audita querela appears to be a remedy only for judgment debtors, not criminal defendants.  **U.S. v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982)**.  Instead, it appears that Johnson is really seeking to vacate, set aside or correct his sentence, an action properly filed under 28 U.S.C. § 2255.  "Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255, *is* a § 2255 motion" regardless of what it is titled.  **Melton, 359 F.3d at 857 (emphasis in original)**.  "Call it a motion for a new trial, arrest of judgment . . . audita querela . . . the name makes no difference. I t is the substance that controls." ***Id***.  Therefore, regardless of what Johnson titled his petition, it must be construed upon the merits of his claims, which convey a request for habeas relief under § 2255.

Under 28 U.S.C. § 2255, a second or successive motion must be certified by the appropriate court of appeals. **28 U.S.C. § 2255(h)**. "A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for its filing." ***Nunez v. U.S.*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original)**. In order for the Court to consider a second or successive petition, the Seventh Circuit Court of Appeals must first certify the petition. *Id*.

As recounted in the procedural history previously set forth herein, Johnson has already filed a § 2255 petition. Johnson filed his first § 2255 motion on May 11, 2001. As Johnson did not obtain prior permission from the Seventh Circuit Court of Appeals to file a second or successive petition, his Writ of Audita Querla must be denied for lack of subject matter jurisdiction.

Accordingly, the Court **DISMISSES for lack of jurisdiction** Johnson's Petition for Writ of Audita Querela (Doc. 611).

**IT IS SO ORDERED.**

Signed this 2nd day of September, 2010

/s/   *David R Herndon*
**Chief Judge
United States District Court**