IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

THEODORE JOHNSON,

Defendant.  No. 99-cr-30022-DRH-1

MEMORANDUM & ORDER

HERNDON, Chief Judge:

## I. INTRODUCTION

Defendant Theodore Johnson (Johnson) filed a *pro se* motion under 18 U.S.C. § 3582(c)(2) for a reduction of sentence based upon amendment to the crack cocaine guideline, U.S.S.G. § 2D1.1(c), enacted by the Sentencing Commission in response to the Fair Sentencing Act (FSA) of 2010, made retroactive effective November 1, 2011. *See* U.S.S.G. § 1B1.10(c) (Amendment 750) (Doc. 681). The Court appointed the Federal Public Defender to represent Johnson on the issue of sentencing reduction in light of the retroactive amendments (Doc. 684). The government has responded and is in agreement with the U.S. Probation Office in arguing that Johnson is not eligible for a reduction (Doc. 748). Also in agreement, Johnson's counsel instantly moves to withdraw on the basis that he can make no non-frivolous argument in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 769). *See Anders v. California,* 386 U.S. 738, 744 (1967).

Johnson has responded to his counsel's motion to withdraw (Doc. 785). He argues that the Court's adoption of the information contained within his presentence report (PSR) resulted in an unconstitutional sentence, his relevant conduct assessed within the PSR is unreliable, and that the Seventh Circuit's recent decision affirming this Court's denial of co-defendant Frederick Lee Irons' (Irons) similar § 3582(c)(2) motion somehow establishes that the relevant conduct assessed in his PSR is "incredible and impossible."

## II. BACKGROUND

Johnson pleaded guilty to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. The PSR calculated Johnson's base offense level at 38 based on a relevant conduct determination of 39 kilograms of crack cocaine. In sentencing Johnson, the Court accepted the recommendations of the PSR (over Johnson's objections which the Court deemed frivolous and not brought in good faith). On May 19, 2000, the Court sentenced Johnson to 360 months' imprisonment, five years of supervised release, a $5,000.00 fine, and a $100.00 special assessment. On appeal, Johnson argued this Court clearly erred by not requiring the government to produce additional evidence supporting the PSR's relevant conduct calculation.

In affirming Johnson's sentence, the Seventh Circuit stated:

> The PSR contains lengthy accounts of numerous drug buys and distributions in which Johnson played a leadership role in the conspiracy by directing the purchase, sale, and redistribution of the crack cocaine to his underlings. These accounts are based on several mutually corroborating sources, including proffers from Johnson's co-defendants, interviews with confidential sources and others

> involved with the conspiracy, as well as an interview with Agent Stonecipher. Although nine people referred to Johnson as the "leader" of the conspiracy, and all of the accounts show that Johnson was directly responsible for well over 1.5 kilograms of crack, Johnson denied every single paragraph in the PSR that related to purchasing, distributing, or directing the purchase or distribution of crack, and he did so without explaining the basis for his objection or offering evidence to call the accuracy of these paragraphs into question. Agent Stonecipher's testimony regarding codefendant Dabney's role in the offense and the expected profits of a drug conspiracy leader addresses only a small part of the PSR's relevant conduct analysis, and Johnson did not even attempt to discredit the portions of the PSR that clearly indicate Johnson as the head of the crack operation. Even assuming that this testimony could support an alternate explanation of the conspiracy and Johnson's role in it, the testimony does not refute the reliability of the PSR's conclusions. In effect, Johnson objected to all of the conduct in the PSR that implicated him, and then argued that a codefendant's level of responsibility in the conspiracy coupled with Johnson's complete lack of funds preclude any conclusion that he was the leader of the conspiracy. This seems to be no more than an outright denial and thus Johnson did not meet his burden in calling the reliability of the PSR into question.

*United States v. Johnson*, 3 Fed. App'x. 524, 527 (7th Cir. 2001) (citations omitted).

### III. LAW AND APPLICATION

§ 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a

sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

Similarly to Johnson's co-defendant Irons, *see United States v. Irons,* 712 F.3d 1185, 1189 (7th Cir. 2013), Johnson cannot satisfy the first criterion and thus the Court cannot consider his reduction request. Johnson is unable to show that his applicable sentencing range has been retroactively lowered. The Court found him responsible for 39 kilograms of crack cocaine at the sentencing hearing held in May 2000, as it accepted the recommendations of the PSR. This obviously exceeds the minimum 8.4 kilograms under the amended guidelines for the highest base offense level, 38. *See* U.S.S.G. § 2D1.1. The Seventh Circuit affirmed this Court's findings concerning Johnson's relevant conduct on direct appeal.

In arguing the Court can consider Johnson's reduction request, Johnson raises similar arguments to those rejected by this Court in its denial of Johnson's 28 U.S.C. § 2255 motion. On collateral review, Johnson argued that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), decided one month after Johnson's sentencing, undermined his sentence as it was based upon a quantity of drugs not charged in

the indictment and not proven beyond a reasonable doubt. In finding Johnson had waived his right to challenge his sentence under *Apprendi,* the Court found:

> In the case currently before the Court, [Johnson] admitted, by way of his guilty plea, to being involved in a conspiracy designed to distribute crack cocaine. He does not suggest that his plea was involuntary or that the very initiation of the proceedings violated the Constitution. The Court can only assume that [Johnson] entered his plea in the hopes of getting a sentence that was lower than he could have expected if he went to trial. The one area of disagreement between the Government and [Johnson] was the quantity of crack cocaine that constituted [Johnson's] relevant conduct. The Court found that [Johnson's] relevant conduct in this case was 1.5 kilograms.[1] The fact that [Johnson's] conviction and sentence were affirmed on appeal, confirms that this Court's rulings and findings were correct, given the state of the law at the time of the plea and sentencing.

*Johnson v. United States,* 01-cv-306-DRH, Doc. 8, p. 3 (S.D. Ill. Mar. 17, 2003) (citing *United States v. Broce,* 488 U.S. 563, 574-76 (1989); *Young v. United States,* 124 F.3d 794, 797 (7th Cir. 1997)). The Court further noted that had Johnson not waived his ability to raise *Apprendi*, his § 2255 motion would still be denied because *Apprendi* is not retroactively applied on collateral review. *Id.* at pp. 3-4 (citing *Curtis v. United States,* 294 F.3d 841, 842 (2002)). The Seventh Circuit dismissed Johnson's untimely appeal of the denial of his § 2255 petition for lack of jurisdiction. *Johnson v. United States,* No. 04-4001 (7th Cir. Dec. 17, 2004).

Johnson believes the Supreme Court's recent decision in *Alleyne v. United States,* 133 S. Ct. 2151 (2013), allows this Court to re-open the issue of Johnson's relevant conduct in this § 3582(c)(2) motion. *Alleyne* seemingly

---

[1] The Court again that notes that it adopted the recommendations of the PSR which calculated Johnson's relevant conduct as 39 kilograms of crack cocaine.

overrules *Harris v. United States,* 536 U.S. 545 (2002), which held that either the judge or the jury could decide whether a defendant's conduct met the requirements for a mandatory minimum sentence, by holding that a judge cannot make this decision unless the defendant waives his entitlement to a jury or admits facts that require a minimum sentence. *Alleyne*, 133 S. Ct. at 2156. However, putting aside the issues of Johnson's waiver, *Alleyne's* applicability to Johnson's case, and the use of a § 3582(c)(2) motion to address such a claim, the Seventh Circuit has most recently noted, "*Alleyne* is an extension of *Apprendi v. New Jersey,* 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. This implies that the Court will not declare *Alleyne* to be retroactive." *Simpson v. United States,* --- F.3d ----, 2013 WL 3455876, * 1 (7th Cir. July 10, 2013) (citing *Schriro v. Summerlin,* 542 U.S. 348 (2004); *Curtis,* 294 F.3d 841).

Thus, Johnson has not demonstrated that this Court can review his request for reduction. The Seventh Circuit has already found that this Court's factual determinations as to Johnson's relevant conduct were not clearly erroneous. Similarly to *Irons,* "while it is true that a district court, in deciding a § 3582(c)(2) motion, may make 'new findings that are supported by the record and not inconsistent with the findings made in the original sentencing determination,'" *Irons,* 712 F.3d at 1190 (quoting *United States v. Hall,* 600 F.3d 872, 876 (7th Cir. 2010)), this Court adopted the PSR and thus found Johnson responsible for

39 kilograms of crack cocaine. Accordingly, the Court cannot "now make a finding inconsistent with that which has already been upheld on appeal." *Id.*

## IV.   CONCLUSION

On the basis of the above, Johnson's motion is **DISMISSED** for lack of jurisdiction (Doc. 681). *See Forman,* 553 F.3d at 588. Thus, the Court **GRANTS** counsel's motion to withdraw (Doc. 769).

**IT IS SO ORDERED.**

Signed this 16th day of July, 2013.

Digitally signed by David R. Herndon
Date: 2013.07.16 17:37:07 -05'00'

**Chief Judge
United States District Court**