IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

THEODORE JOHNSON,

Defendant.                                              No. 99-cr-30022-DRH-1

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

    Once again, defendant Theodore Johnson (Johnson) has filed a *pro se* motion under 18 U.S.C. § 3582(c)(2) for a reduction of sentence (Doc. 800). And once again, this Court must inform Johnson he is not entitled to a reduction. The government has responded, in a notably unhelpful fashion, by quoting language from this Court's previous Order denying Johnson's Section 3582(c)(2) motion pursuant to Amendment 750. However, while Johnson's instant arguments are equally as unpersuasive as ones made previously, this time around Johnson cites Amendment 591. Thus, the Court feels it necessary to briefly address his distinct, meritless argument.

    The provisions of Section 3582 permit a court to reduce a defendant's term of imprisonment if there has been a subsequent amendment to the guideline range that applies retroactively. Amendment 591 is included in the list of amendments which are subject to review under Section 3582. U.S.S.G. § 1B1.10(c). Amendment 591 amended U.S.S.G. §§ 1B1.1 and 1B1.2. The

Guidelines require a sentencing court to refer to the Statutory Index of the Sentencing Manual (Appendix A) to choose the offense guideline. Pursuant to Amendment 591, the sentencing court may no longer choose the offense guideline based on the offender's actual conduct; instead, the sentencing court must apply the offense guideline that corresponds to the statute of conviction.

Johnson once again attempts to argue this Court erred in adopting the PSR's calculation of his base offense level. Amendment 591 does not offer him the relief he seeks. Johnson was convicted under 21 U.S.C. §§ 846 and 841(a)(1). Thus, Guideline § 2D1.1 corresponds to Johnson's convictions and the Court's reliance on § 2D1.1 was proper.

In liberally construing Johnson's arguments, it seems he argues that Amendment 591 holds that the Court improperly used Johnson's relevant conduct to determine the proper base offense level. He is incorrect. As the commentary to Guideline § 2D1.1 states, "quantities of drugs not specified in the count of conviction may be considered in determining the offense level." U.S.S.G. § 2D1.1 cmt. n. 5. Thus, once the Court selected Guideline § 2D1.1 as the guideline applicable to Johnson's conviction, Amendment 591 does not restrict this Court's use of relevant conduct to determine his offense level under that section. *See United States v. Rivera,* 293 F.3d 584, 586 (2d. Cir. 2002). Johnson's arguments require the Court to reiterate, for a final time, that it properly accepted the recommendations of the PSR as to Johnson's base offense level. He is definitively not entitled to a sentence reduction.

Moreover, the overall theme of Johnson's instant motion, that he was sentenced based upon an "uncharged" quantity of drugs, is strikingly similar to Johnson's previous arguments on the basis of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), rejected by this Court on numerous occasions. To this extent, Johnson improperly attempts (again) to bring a successive collateral attack without the Seventh Circuit's authorization.

For all of the above reasons, this Court is without jurisdiction to entertain Johnson's instant arguments and his motion for modification of offense guideline section is **DISMISSED** (Doc. 800).

**IT IS SO ORDERED.**

Signed this 2nd day of October, 2013.

Digitally signed by David R. Herndon
Date: 2013.10.02
12:06:04 -05'00'

**Chief Judge
United States District Court**